IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

AUSTIN MARK EVELAND,

    Plaintiff,

v.

COLUMBIA COUNTY PRISON, *et al.*,

    Defendants

CIVIL NO. 3:18-CV-0794

(Judge Caputo)

# MEMORANDUM

## I. Introduction

Austin Mark Eveland, an inmate formerly housed at the Columbia County Prison in Bloomsburg, Pennsylvania, commenced this action on April 13, 2018.[1] (ECF No. 1.) Plaintiff appears *pro se* and seeks to proceed *in forma pauperis*. (ECF No. 2.) Named as Defendants are Warden David Varano and the Columbia County Prison. (ECF No. 1.)

The Court proceeds to review and screen the Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B). For the reasons set forth below, Mr. Eveland's motion for leave to proceed *in forma pauperis* will be granted. However, his Complaint will be dismissed for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). This dismissal will be without prejudice to Mr. Eveland's right to file an amended complaint within twenty-one days if he can cure the identified defects.

---

[1] Mr. Eveland is presently housed at the Montour County Prison in Danville, Pa. (ECF No. 1.)

## II. Standard of Review for Screening *Pro Se In Forma Pauperis* Complaints

When a litigant seeks to proceed *in forma pauperis*, without payment of fees, 28 U.S.C. § 1915 requires the court to screen the complaint. *See* 28 U.S.C. § 1915(e)(2)(B). Likewise, when a prisoner seeks redress from a government defendant in a civil action, whether proceeding *in forma pauperis* or not, the court must screen the complaint. *See* 28 U.S.C. § 1915A(a). Both 28 U.S.C. § 1915(e)(2)(B) and § 1915(A) give the court the authority to dismiss a complaint if it is frivolous, malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B)(i) - (iii); 28 U.S.C. § 1915A(b)(1)-(2); *Ball v. Famiglio*, 726 F.3d 448, 452 (3d Cir. 2013).

A complaint is frivolous if it lacks an arguable basis either in law or fact. *See Mitchell v. Horn*, 318 F.3d 523, 530 (3d Cir. 2003) (citing *Neitzke v. Williams*, 490 U.S. 319, 327-28, 109 S.Ct. 1827, 1832-33, 104 L.Ed.2d 338 (1989)). In deciding whether the complaint fails to state a claim on which relief may be granted, the court employs the standard used to analyze motions to dismiss under Fed. R. Civ. P. 12(b)(6). *See Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000). Under Rule 12(b)(6), the court "must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210-11 (3d Cir. 2009) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79, 129 S.Ct. 1937, 1949-50, 173 L.Ed.2d 868 (2009)). The court may also rely on exhibits attached to the complaint and matters of public record. *Sands v. McCormick*, 502 F.3d 263, 268 (3d Cir. 2007).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . ." Fed. R. Civ. P. 8(a)(2). A complaint is required to provide "the defendant fair notice of what the . . . claim is and the grounds upon which it

rests." *Phillips v. Cty. of Allegheny*, 515 F.3d 224, 232 (3d Cir. 2008) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964, 167 L.Ed.2d 929 (2007)).

To test the sufficiency of the complaint, the court "must take three steps." *Connelly v. Lane Constr. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016). First, a court must "take note of the elements a plaintiff must plead to state a claim." *Id.* (internal quotations and brackets omitted). Second, the court must identify allegations that are merely legal conclusions "because they . . . are not entitled to the assumption of truth." *Id.* While detailed factual allegations are not required, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678, 129 S.Ct. at 1949 (citing *Twombly*, 550 U.S. at 555, 127 S.Ct. at 1964). Third, a court should assume the veracity of all well-pleaded factual allegations and "then determine whether they plausibly give rise to an entitlement to relief." *Connelly*, 809 F.3d at 787 (quoting *Iqbal*, 556 U.S. at 679, 129 S.Ct. at 1949).

A complaint filed by a *pro se* plaintiff must be liberally construed and "held 'to less stringent standards than formal pleadings drafted by lawyers.'" *Fantone v. Latini*, 780 F.3d 184 (3d Cir. 2015) (citing *Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594, 596, 30 L.Ed.2d 652 (1972)); *see also Erickson v. Pardus*, 551 U.S. 89, 94, 127 S.Ct. 2197, 2200, 167 L.Ed.2d 1081 (2007). Yet, even a *pro se* plaintiff "must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir.2013) (citation omitted). *Pro se* litigants are to be granted leave to file a curative amended complaint even when a plaintiff does not seek leave to amend, unless such an amendment would be inequitable or futile. *See Estate of Lagano v. Bergen Cty. Prosecutor's Office*, 769 F.3d 850, 861 (3d Cir. 2014).

## III. Allegations of the Complaint

The allegations of Mr. Eveland's Eighth Amendment excessive use of force claim are very brief. Plaintiff claims that on September 5, 2017, he was choked unconscious by unidentified Columbia County Prison corrections officers. The event occurred in the prison's solitary confinement area, off camera. Unidentified officers opened Mr. Eveland's cell door without first placing him in restraints. Mr. Eveland claims the officers "didn't follow protocol. In which is why [he is] suing Columbia County Prison." (ECF No. 1). Mr. Eveland continues to suffer from post-traumatic stress because of this unprovoked assault. He seeks monetary damages as relief. (*Id.*)

## IV. Discussion

Federal law provides a cause of action to a plaintiff who can prove that a person acting under color of state law deprived him of a right, privilege, or immunity protected by laws or the Constitution of the United States. *See* 42 U.S.C. § 1983; *Rehberg v. Paulk*, 566 U.S. 356, 361, 132 S.Ct. 1497, 1501, 182 L.Ed.2d 593 (2012); *Mack v. Warden Loretto FCI*, 839 F.3d 286, 302 (3d Cir. 2016). As discussed below, Mr. Eveland has failed to state a cognizable claim under section 1983 against either Warden Varano or the Columbia County Prison based on the allegations in the Complaint.

### A. Warden Varano

Individual liability can be imposed under 42 U.S.C. § 1983 only if the state actor played an "affirmative part" in the alleged misconduct and "cannot be predicated solely on the operation of respondeat superior." *Evancho v. Fisher*, 423 F.3d 347, 353 (3d Cir. 2005) (quoting *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1998)); *Sutton v.*

- 4 -

*Rasheed*, 323 F.3d 236, 249 – 50 (3d Cir. 2003). The personal involvement of a defendant in a § 1983 action may be shown "through allegations of personal direction or of actual knowledge and acquiescence." *Argueta v. U.S. ICE*, 643 F.3d 60, 72 (3d Cir. 2011) (quoting *Rode*, 845 F.2d at 1207). Such allegations, however, must be made with appropriate particularity in that a compliant must allege the particulars of "conduct, time, place, and persons responsible." *Evancho*, 423 F.3d at 354; *Rode*, 845 F.2d at 1207 - 08. Alleging a mere hypothesis that an individual defendant had personal knowledge or involvement in depriving the plaintiff of his rights is insufficient to establish personal involvement. *Rode*, 845 F.2d at 1208. Moreover, a defendant "cannot be held responsible for a constitutional violation which he or she neither participated in nor approved." *C.H. ex rel. Z.H. v. Olivia*, 226 F.3d 198, 201 – 202 (3d Cir. 2000). Allegations that a supervisor "had constructive knowledge of a subordinate's unconstitutional conduct simply because of his role as a supervisor" do not suffice. *Broadwater v. Fow*, 945 F.Supp.2d 574, 588 (M.D. Pa. 2013) (citing *C.H. ex rel. Z.H.*, 226 F.3d at 202)).

Mr. Eveland names Warden Varano as a defendant in his Complaint. However, Mr. Eveland does not allege any facts establishing a basis of liability against Warden Varano. Plaintiff does not allege what actions Warden Varano took that led to the alleged violation of his rights. Accordingly, Warden Varano will be dismissed due to Mr. Eveland's failure to allege Warden Varano's personal involvement in any alleged constitutional violations. However, Plaintiff will be granted leave to file an amended complaint as to this defendant.

## B. Columbia County Prison

Although a county may be liable under § 1983 for creating policies or customs that violate the Constitution, see *Monell* v. Dept. of Social Services of City of New York, 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978), a county jail is not a proper defendant under § 1983 as it is a "person".[2] A county prison does not have the legal capacity to be sued in its own name. See *Birckbichler v. Butler Cty Prison*, No. 07-1655, 2009 WL 2986611 at *5 (W.D. Pa. Sept. 17, 2009) (collecting cases). Hence, the Columbia County Prison will be dismissed as a defendant. Because it would be futile for Mr. Eveland to amend his § 1983 claim against the Columbia County Prison, this defendant will be dismissed with prejudice.

## C. Leave to Amend

Mr. Eveland will be granted twenty-one days to file an amended complaint alleging the personal involvement of Warden Varano and any others he claims were involved in the September 5, 2017-assault. If Mr. Eveland decides to file an amended complaint, he is advised he must clearly designate on the face of the document that it is the "Amended Complaint," it must bear the docket number assigned to this case, and it must be retyped or legibly rewritten in its entirety, preferably on the court-approved form. In addition, the "amended complaint must be complete in all respects. It must be a new pleading which stands by itself as an adequate complaint without reference to the complaint already filed." *Young v. Keohane*, 809 F. Supp. 1185, 1198 (M.D. Pa. 1992). Mr. Eveland is advised that any amended complaint he may file supersedes (replaces)

---

[2] The Supreme Court, however, has established that § 1983's definition of "person" includes municipalities and other local government entities. *Monell*, 436 U.S. at 690 – 91, 98 S.Ct. at 2035 - 36.

the original complaint. In addition, it must be "retyped or reprinted so that it will be complete in itself including exhibits." M.D. Pa. LR 15.1; *see also W. Run Student Hous. Assocs. V. Huntingdon Nat'l Bank*, 712 F.3d 165, 171 (3d Cir. 2013). Consequently, all causes of action alleged in the original complaint which were not dismissed with prejudice and are not alleged in the amended complaint are waived.

Mr. Eveland is also advised that his amended complaint must be concise and direct. *See* Fed. R. Civ. P. 8(d). Each allegation must be set forth in individually numbered paragraphs in short, concise and simple statements. *Id.* The allegations should be specific enough as to time and place and should identify the specific person or persons responsible for the deprivation of his constitutional rights and what each individual defendant did that led to deprivation of his rights. *Iqbal*, 556 U.S. at 676, 129 S.Ct. at 1948. Plaintiff must also specify the relief he seeks. Mr. Eveland's failure to file an appropriate amended complaint within the required time will result in the Court directing the Clerk of Court to close the case. Finally, Plaintiff is reminded of his obligation to advise the Court of any change of address. *See* M.D. Pa. LR 83.18. His failure to do so will be deemed as his abandonment of the lawsuit resulting in the dismissal of the action.

An appropriate order follows.

Date: February 7, 2019

A. RICHARD CAPUTO
United States District Judge